IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| MELVIN DE. FREITAS JR., ) | CIV. NO. 05-00302 SOM-LEK |
| Petitioner, ) | |
| ) | FINDINGS AND RECOMMENDATION |
| vs. ) | TO DISMISS AMENDED PETITION |
| LANE BLAIR, Warden, ) | |
| Diamondback Correctional ) | |
| Facility, JOHN F. PEYTON, ) | |
| Director of Hawai`i ) | |
| Department of Public Safety, ) | |
| Respondents. ) | |

**FINDINGS AND RECOMMENDATION TO DISMISS AMENDED PETITION**

On June 21, 2005, *pro se* Petitioner Melvin De. Freitas ("Freitas") filed this Amended Petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The Amended Petition has been referred to this court pursuant to LR72.5 and 28 U.S.C. § 636(a).

On June 28, 2005, the court issued a preliminary order to show cause ("POSC"), directing Respondents to address whether Freitas's action is untimely under 28 U.S.C. § 2244, whether his claims are exhausted, and whether he has a pending post-conviction proceeding in the state court.  Respondents filed their Preliminary Answer on September 6, 2005.

The POSC also notified Freitas that the court was considering dismissing his action as untimely, directing him to file a response addressing the statute of limitation and its application to his Amended Petition and setting forth facts, if possible, that would prevent the statute from running against him.  Freitas was informed that he had the burden of demonstrating that the statute of limitation should be tolled in his case.  See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) (once the district court notifies petitioner that his petition is subject to dismissal based on the statute of limitation, and the record indicates that the petition falls outside the limitation period, the petitioner has the burden of demonstrating that he is entitled to tolling).  On November 25, 2005, Freitas filed his Reply to the Preliminary Answer.

For the following reasons, this Court FINDS and RECOMMENDS that the Amended Petition be dismissed with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d).

## BACKGROUND

On June 26, 1997, Freitas was convicted by jury trial of three counts of kidnapping in violation of Hawai`i Revised Statutes § 707-720(1)(e) ("Haw. Rev. Stat.") (Counts I-III), robbery in the second degree in violation of Haw. Rev. Stat. § 708-840(1)(a) (Count IV), assault in the second degree in violation of Haw. Rev. Stat. § 707-710 (Count V), terroristic

threatening in the first degree in violation of Haw. Rev. Stat. § 707-716(1)(d) (Count VI), and assault in the third degree in violation of Haw. Rev. Stat. § 707-712(1)(a) (Count VII). (Resp'ts Ex. B.) On August 18, 1997, judgment was entered and Freitas was sentenced to life imprisonment with the possibility of parole on Counts I through III, twenty years on Count IV, ten years each on Counts V and VI, and one year on Count VII, all terms to run concurrently. (Id.)

Freitas appealed his conviction and sentence in S.C. No. 20954. On October 23, 1998, the Hawai`i Intermediate Court of Appeals ("ICA") issued a memorandum opinion affirming Counts I through IV, VI and VII, vacating Count V, and remanding with instructions to dismiss Count V and resentence Freitas accordingly. (Resp'ts Ex. G.) Freitas did not appeal the ICA's decision to the Hawai`i Supreme Court.[1] Almost two years later, on June 14, 2000, the circuit court filed an amended judgment of conviction and sentence, which reflected the ICA's reversal of the conviction in Count V. (Am Pet. Ex. C.) Freitas did not appeal the amended judgment to the Hawai`i Supreme Court.

Approximately two years later, on April 11, 2002, Freitas filed his first post-conviction petition pursuant to

---

[1] Freitas states that his appellate attorney, Sarah Courageous, Esq., "elected not to file a writ of certiorari" with the Hawai`i Supreme Court, although he requested that she do so. (Am. Pet. at 3.)

3

Rule 40 of the Hawai`i Rules of Penal Procedure ("H.R.P.P"), in S.C. No. 26193.  (Resp'ts. Ex. H.)  The circuit court denied this Rule 40 petition on August 28, 2003.  (Resp'ts Ex. J.)  On October 31, 2003, Freitas filed his notice of appeal and on February 20, 2004, the Hawai`i Supreme Court dismissed the appeal for lack of jurisdiction due to its untimeliness.  (Resp'ts Ex. M.)

On May 4, 2004, however, the Hawai`i Supreme Court reinstated the appeal, with instructions to the circuit court to determine the date that Freitas had tendered his notice of appeal to prison officials.  (Id.)  The circuit court determined that the state had failed to rebut Freitas's claim that he had tendered his notice of appeal to prison authorities on September 24, 2003.  Accordingly, on September 22, 2004, the Hawai`i Supreme Court ruled that Freitas's appeal was timely filed under the prison mailbox rule of Setala v. J.C. Penney, 40 P.3d 886 (Haw. 2002).  (Resp'ts Ex. M.)

On October 5, 2004, at the State's request, the Hawai`i Supreme Court again remanded the case to the circuit court to reconsider its finding, and to allow the State to present additional evidence concerning the procedures governing inmate mail at the Diamondback Correctional Facility, where Freitas was incarcerated.  After reviewing the State's evidence, the circuit court found that Freitas did not submit his notice of appeal to

prison authorities for mailing until October 27, 2003, rendering his notice of appeal untimely.  On January 28, 2005, the Hawai`i Supreme Court dismissed Freitas's appeal in S.C. No. 26193 for lack of jurisdiction, holding that Freitas had tendered his notice of appeal to prison authorities on October 27, 2003, sixty days after entry of the August 28, 2003 order, rendering the appeal untimely.[2]  (Id.)

On December 1, 2004, before the Hawai`i Supreme Court rendered its final decision in the first Rule 40 petition, but after the circuit court had conclusively determined that he had not timely filed his appeal in that action, Freitas filed a second Rule 40 petition, S.P.P. No. 04-1-0096.  (Resp'ts Ex. N.)  On May 2, 2005, while the second Rule 40 petition was pending in the circuit court, Freitas filed the present action.  On May 13, 2005, the circuit court denied Freitas's second Rule 40 petition.  (Resp'ts Ex. P.)  On June 7, 2005, Freitas noticed his appeal of this decision in S.C. No. 027342.  (Resp'ts Ex. Q.)  Two weeks later, on June 21, 2005, Freitas filed the Amended Petition in

---

[2] Under the Supreme Court's recent ruling in Pace v. DiGuglielmo, 125 S. Ct. 1807 (2005), holding that a state postconviction petition that is rejected as untimely by the state court is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2), the time that Freitas's Rule 40 petition tolled the statute of limitation would have ended on September 27, 2003, thirty days after the circuit court denied the petition. See Haw. R. App. P. 4(a)(1).

5

this proceeding.³  Respondents have submitted the state court docket in S.C. No. 027342, showing that Freitas's appeal was calendared on August 8, 2005, and that, as of September 9, 2005, Freitas had not withdrawn his appeal in that action.  (Resp'ts. Ex. R.)

DISCUSSION

Title 28 of the United States Code Section 2244 provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered

---

³ The court notes that Freitas has filed two motions to amend his petition, on August 17, and September 20, 2005, in which he states that he has "declined to appeal the denial of the 'second Rule 40 petition' . . . [and that] there are currently no pending actions in the state court regarding Petitioner's present conviction and sentence."  See Motion to Amend Petition for Writ of Habeas Corpus at 3-4.

6

>    through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

## ANALYSIS

If a petitioner for habeas relief does not seek direct review from the highest state court, the petitioner's conviction becomes final when the time for seeking such review elapses, as determined by state law. Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002). Freitas's conviction was final on July 13, 2000, thirty days after the circuit court entered an amended judgment of conviction in his action and the time for seeking review of the circuit court's amended judgment had lapsed, pursuant to Rule 4(b)(1) of the Hawai`i Rules of Appellate Procedure ("Haw.R.App.P."). See United States v. LaFramboise, 427 F.3d 680, 686 (9th Cir. 2005) (concluding, in a § 2255 action, that the statute of limitation begins to run "after the district court enters an amended judgment and either the direct appeal has been resolved or the time to appeal has passed"); see also Maharaj v. Sec'y for the Dep't. of Corr., 304 F.3d 1345, 1348 (11th Cir. 2002) (per curiam) (reviewing a § 2254 petition and noting that "[i]n the context of a federal habeas petition, the statute of limitations runs from the date of state's

resentencing and not the date of the original judgment"); Walker v. Crosby, 341 F.3d 1240, 1246 (11th Cir. 2003) ("[W]e measure the statute of limitation from the date on which the resentencing judgment became final . . . and not the date the original judgment became final."). The statute of limitation in Freitas's case began running on July 13, 2000, and expired on July 13, 2001.

As Freitas did not file his first Rule 40 petition until April 11, 2002, almost eight months after the statute of limitation had expired in his case, he is not entitled to statutory tolling during the pendency of that petition under § 2244(d)(2). Nor does Freitas base his claim on newly discovered facts which could not have been discovered earlier, so tolling under § 2244(d)(1)(D) is not available to him.

Freitas's Amended Petition raises claims under Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004). Freitas argues that the holdings in these cases should be applied retroactively to his case, thus tolling the statute of limitation under § 2244(d)(1)(C).[4] There are

---

[4] Section 2244(d)(1)(C) provides that the one year limitation period shall run from:

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review[.]

several distinct problems with this argument.  First, while Apprendi may apply retroactively to Freitas's conviction, as it was decided on June 26, 2000, two weeks before his conviction became final on July 13, 2000, the Ninth Circuit Court of Appeals has unequivocally held that Blakely is not retroactive to convictions final prior to its' publication, such as Freitas's. See Shardt v. Payne, 414 F.3d 1025, 1027 (9th Cir. 2005).

Second, Apprendi was decided on June 26, 2000, and the statute of limitation for Apprendi claims began running on that date, and thus, expired on June 26, 2001.  Freitas filed his first Rule 40 petition on April 11, 2002, more than a year after the statute expired as it relates to the Apprendi rule, and more than one year after his own conviction became final on June 13, 2000.  Moreover, Freitas did not even raise an Apprendi claim in his first Rule 40 petition, although he filed it almost two years after Apprendi was decided.  Additionally, Freitas failed to timely appeal the first Rule 40 petition to the Hawai`i Supreme Court, so any claims in the first Rule 40 petition are unexhausted and procedurally barred.

Third, although Freitas finally raised his Apprendi (and Blakely) claims in his second Rule 40 petition, despite Freitas's claims to the contrary, it appears from the record before this court that the second Rule 40 petition is currently

pending on appeal with the state court. Even if, as Freitas now claims, he has "declined to appeal" his second Rule 40 petition, based on the "futility" of that appeal, his claims would be unexhausted and subject to dismissal on this basis. Finally, as noted above, the statute had already run for Freitas's <u>Apprendi</u> claims before he filed his second Rule 40 petition. These claims do not provide a basis for tolling the statute of limitation in Freitas's case and Freitas gives no other reasons for statutory tolling in his case.

Under certain circumstances, when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," the statute of limitation may be equitably tolled. <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is unavailable in most cases but may be appropriate "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." <u>Id.</u> at 1107; <u>see also</u> <u>Guillory v. Roe</u>, 329 F.3d 1015, 1018 (9th Cir.), <u>cert denied</u>, 540 U.S. 974 (2003). The equitable tolling determination is "highly fact-dependant," <u>Whalem/Hunt v. Early</u>, 233 F.3d 1146, 1148 (9th Cir. 2000), and the petitioner "bears the burden of showing that equitable tolling is appropriate." <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1034 (9th Cir. 2005).

Freitas's Reply does not adequately rebut Respondents' Preliminary Answer or convince the court that the statute should be equitably tolled in his case.  The thrust of Freitas's argument in support of equitable tolling is that his appellate counsel refused to seek certiorari with the Hawai`i Supreme Court after his conviction was affirmed by the ICA in 1998, despite his request that she do so.

Freitas' exhibits to his Reply show that his appellate attorney, Ms. Courageous, informed him that she did not believe that filing a writ of certiorari with the Hawai`i Supreme Court would be advantageous to him.  (Reply Ex. A(20), Letter from S. Courageous, dated November 5, 1998.)[5]  Approximately one year later, on September 26, 1999, Freitas wrote to the Office of Disciplinary Counsel ("ODC") seeking assistance in obtaining another attorney to file an appeal of the ICA decision with the Hawai`i Supreme Court.  (Id. Ex. A(22), Freitas's letter to the ODC, received October 4, 1999.)  Freitas's own exhibits show that he requested Ms. Courageous to withdraw as his counsel in 1998, after learning that she did not believe an appeal to the Hawai`i Supreme Court would help his situation, and that Ms. Courageous

---

[5] Freitas's Reply is more than three inches thick and its exhibits are not adequately numbered.  Freitas provides a list of his many exhibits in "Section A," on pages 2-4 of his Reply, although the numbering on this list is not marked on each exhibit.  The court will identify each of Freitas's exhibits as clearly as possible by the numbers Freitas has given them, and by their description.

had not heard from Freitas since that time.  (Id. Ex. A(25), Courageous letter, dated October 13, 1999.)  Freitas also told the ODC that he "simply asked Miss Courageous to please file a rule #40, cause I was totally unhappy with my decision by the I.C.A.," suggesting that he wanted Ms. Courageous to file a state post-conviction petition for him, pursuant to Haw. R. App. P. 40. (Id. Ex. A(30), Freitas's response to the ODC's November 5, 1999 request that he respond to Courageous's October 15, 1999 letter.) Ultimately, the ODC determined that Ms. Courageous had not behaved improperly and dismissed Freitas's complaint against her. (Id. Ex. A(32), December 2, 1999 ODC letter to Freitas.)

While the fact that Ms. Courageous did not appeal the ICA decision to the Hawai`i Supreme Court may indeed represent ineffective assistance of counsel, see United States v. Sandoval-Lopez, 409 F.3d 1193, 1198 (9th Cir. 2005), Freitas does not actually raise this as a ground for relief in his Amended Petition.  Nor did he raise this claim in either of his two Rule 40 petitions.

Nor does this failure constitute a *government-created* impediment to timely filing a federal habeas petition, such that the statute would be tolled under § 2244(d)(1)(B).  In addition, an assertion that the statute of limitation was delayed by a state-created impediment requires a showing of a due process violation.  Lott v. Mueller, 304 F.3d 918, 925 (9th Cir. 2002).

    Finally, even if the court were to toll the time between the date Freitas's conviction was final, June 13, 2000, through the time that his first Rule 40 Petition was finally filed and denied, August 28, 2003, Freitas's Amended Petition would still be barred by the statute of limitation, and he gives no reason why he did not either timely file his notice of appeal to the Hawai`i Supreme Court, or why he did not file his first federal habeas petition until May 2005.  The fact that his appellate attorney did not seek certiorari with the Hawai`i Supreme Court in 1998 does not explain or excuse Freitas's failure to file the instant petition in the intervening years when he was admittedly aware of his right to do so no later than September 30, 2003, when he wrote a letter to the Office of the Federal Public Defender seeking assistance in filing a federal habeas petition.  (See Reply Ex. B(12), Letter to Alexander Sivert dated December 11, 2004.)

    Notwithstanding Freitas's arguments to the contrary, Freitas's was certainly aware that he had not tendered his notice of appeal in his first Rule 40 petition to prison authorities until October 27, 2003, as is born out by the uncontested record before this court.  Freitas does not explain why he did not file his federal petition within a year after the Hawai`i Supreme Court first reached this conclusion on February 20, 2004, rather than continuing to protest in the state court that his appeal

13

there was timely.

Finally, Freitas argues that he was transferred from Hawai`i to Oklahoma and then Arizona, and that the law libraries at both facilities were inadequate, justifying a finding of extraordinary circumstance beyond his control preventing him from timely filing this action.  Freitas was, however, able to file his both his first and second Rule 40 petitions after his transfers, which suggests that he was also able to file a timely federal petition.

Freitas's Reply makes no adequate argument in support of equitable tolling of the statute in his case.  His arguments do not support a finding that extraordinary external forces kept him from bringing his federal petition earlier, or that there was any cognizable due process violation that prevented him from bringing a timely federal petition.  Thus, the court finds that the Amended Petition is time-barred pursuant to 28 U.S.C. § 2244.

## CONCLUSION

For the foregoing reasons, this court FINDS and RECOMMENDS that the Amended Petition should be DISMISSED with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d)(1).

IT IS SO ORDERED.

14

Dated:   Honolulu, Hawai`i, January 30, 2006.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

FREITAS v. BLAIR, et al., CIV. NO. 05-00302 SOM-LEK; FINDINGS AND RECOMMENDATION TO DISMISS AMENDED PETITION/dmp/Habeas 05/DE. FREITAS 05-302 F&R DSM (SOL)